**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-03510-M |
| | § | |
| SPEX OFFSHORE, LTD., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand (ECF No. 10), filed by Plaintiff MCR Oil

Tools, LLC ("MCR").  After consideration, the Motion is **GRANTED IN PART** and **DENIED**

**IN PART**.

## I.      BACKGROUND

This action concerns a dispute involving an alleged breach of contract and misuse of

MCR's intellectual property. MCR invents, develops, manufactures, and sells oilfield tools,

products, and equipment. (Original Petition, ECF No. 1-1, at ¶ 1).  These tools include thermite-

based tools, including a pipe cutter and a torch fueled by a solid combustible charge. (*Id.*).

MCR's tools are protected through patents, trade secrets, confidential and proprietary

information, and license agreements (collectively, the "Licensed Technology.").  (*Id.*).

Beginning in 2009, Defendant SPEX Offshore, Ltd. ("SPEX") entered into multiple

technology licenses with MCR.  (*Id.* at ¶ 2).  MCR alleges that SPEX recently breached

numerous provisions of the 2014 License Agreement (including a 2015 Extension),

misappropriated MCR's Licensed Technology, and used MCR's stolen technology to obtain

numerous patents in SPEX's own name.  (*Id.* at ¶ 4).

On December 27, 2017, MCR filed this lawsuit in the 95th Judicial District Court of Dallas County, Texas, and asserted causes of action against Defendants for breach of contract, declaratory judgment, violations of the Texas Uniform Trade Secrets Act, common law misappropriation, unfair competition under Texas law, common law fraud, fraudulent inducement, and conspiracy. (*Id.* at ¶¶ 38-67). MCR also requested a temporary restraining order, temporary injunction, and permanent injunction to enjoin SPEX's further use of the Licensed Technology. (*Id.* at ¶¶ 68-74). To clarify that none of the claims seeks relief under federal patent law, the Original Petition states: "Nothing herein is presented to the Court which seeks a determination of the validity of a patent or calls for the application of U.S. Federal Law. . . ." (*Id.* at ¶ 76).

On December 28, 2017, Defendants removed the state court action to this Court, arguing that "[t]his case concerns a federal question involving patents." (Notice of Removal, ECF No. 1, at 2 ¶3). On January 4, 2018, SPEX Group US LLC ("SPEX Group")—but not the other two Defendants—filed an answer and asserted affirmative defenses. (ECF No. 4). SPEX Group also alleged two counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaration of non-violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, and a declaration of non-infringement of MCR's patents. (ECF No. 4 at ¶¶ 12-18).

On January 5, 2018, the Court, on its own accord, set a hearing on whether federal question jurisdiction exists in this case. (ECF No. 5). MCR and SPEX Group submitted briefing and appeared for an oral argument on February 13, 2018.

## II.     LEGAL STANDARD

A defendant may remove a state court action to federal court if the case originally could have been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of

establishing the federal court's jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal district court has subject matter jurisdiction over a civil action that "arises under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331.  To evaluate whether a federal question exists, the court examines the well-pleaded complaint as it existed at the time of removal.  *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808 (1986); *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 829 (N.D. Tex. 2014).  The basis for jurisdiction must be found in the allegations supporting the plaintiff's claim.  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).  Federal jurisdiction cannot rest on the defendant's answer or petition for removal.  *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).  Nor does it suffice if the defendant's counterclaim raises the federal question.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Federal question jurisdiction does not exist merely because federal law may be tangentially involved.  *Merrell Dow*, 478 U.S. at 813.  The federal law must create the plaintiff's cause of action, or the plaintiff's claim must necessarily depend on a substantial federal law question.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009); *see Am. Tel. & Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992) ("[E]very theory of a claim as pled must depend on patent law if there is to be federal jurisdiction.").

## III.    ANALYSIS

### A.    Federal question jurisdiction

SPEX Group contends that several of MCR's claims are artfully disguised but are actually claims for patent infringement.  (*See* ECF No. 13, at ¶¶ 8-16).  The Court disagrees.

MCR's claim for declaratory relief does not invoke federal law. MCR only seeks a declaration of ownership regarding "products, engineering, drawings, trade secrets, confidential information, and any other information [related to technological tools] invented, developed, modified, or improved by or on behalf of SPEX." (Original Petition, ECF No. 1-1, at ¶ 44). This language does not mention MCR's patents. Instead, it focuses on SPEX's alleged misappropriation of certain tangible materials and confidential information. MCR's claim for declaratory relief therefore does not arise under patent law.

MCR's unfair competition claim is not a patent infringement claim. On superficial review, the Original Petition's allegations regarding the "unauthorized use of MCR's intellectual property" might suggest a patent claim. (*See* Original Petition, ECF No. 1-1, at ¶ 57). But the term "intellectual property" is not limited to patented inventions; it also includes copyrights, trademarks, and trade secrets. *See TianRui Grp. Co. v. Int'l Trade Comm'n*, 661 F.3d 1322, 1336 (Fed. Cir. 2011); *see also Am. Tel. & Tel. Co.*, 972 F.2d at 1324 (the term "inventions conceived" is not limited to patented inventions). MCR's disclaimer that it does not pursue any claims or rights arising under federal patent law also counsels against reading the term "intellectual property" to mean patented inventions. (Original Petition, ECF No. 1-1, at ¶ 76). MCR could have broadened its allegations to identify a claim against Defendants for patent infringement, but, as master of its own pleadings, it elected not to assert a patent claim. MCR is entitled to limit its pleadings in this manner. *See Casey v. Rainbow Grp., Ltd.*, 109 F.3d 765 (5th Cir. 1997) (plaintiff is "free to proceed in state court and ignore claims that could have been asserted under federal law"); *cf. Arnold v. City of Balch Springs, Tex.*, No. CIV.A. 3:04-CV-2422M, 2005 WL 176169, at *3 (N.D. Tex. Jan. 25, 2005) ("A plaintiff may preclude federal subject matter jurisdiction by electing in her petition to rely exclusively on state law.").

Likewise, federal patent law does not apply to MCR's conspiracy claim against Defendants. MCR alleges that Defendants' putative conspiracy was unlawful only because Defendants conspired to misappropriate "MCR's trade secrets and confidential information." (Original Petition, ECF No. 1-1, at ¶ 63). While MCR also alleges that Defendants accessed or used MCR's "Licensed Patents" to facilitate their unlawful actions, these allegations merely give context to its claims for trade secret misappropriation. These allegations do not set forth an artfully pleaded claim for patent infringement or otherwise attempt to invoke federal patent law jurisdiction. *See Uroplasty, Inc. v. Advanced Uroscience, Inc.*, 239 F.3d 1277, 1280 (Fed. Cir. 2001).

MCR's breach of contract claim does not arise under federal patent law. The Court is not persuaded otherwise by *Robertson v. Baker Oil Tools, Inc.*, No. 3:02-CV-372-AH, 2002 WL 1124903, at *5 (N.D. Tex. May 23, 2002). In *Robertson*, another judge on this court initially found that a plaintiff's references to patent infringement meant the plaintiff's breach of contract claim was premised on a substantial patent law question. Unlike this case, the plaintiffs in *Robertson* first alleged "infringe[ment]" of the technology at issue, *Id.* at *3 n.8, and sought patent damages in the form of "lost profits, lost royalties, and lost sales of the technology at issue." *Id.* at *1. Here, MCR's Original Petition does not include any allegations of patent infringement, nor does it seek a reasonable royalty or other remedy arising exclusively under patent law. MCR's claimed remedies appear limited to state law damages and an injunction to prevent Defendants from misusing the Licensed Technology. (Original Petition, ECF No. 1-1, at ¶ 71).

Accordingly, the Court finds that Plaintiff's claims, as set forth in the Original Petition, do not raise a substantial federal question that gives rise to subject matter jurisdiction in this case.

## B. Request for attorney's fees and costs

MCR seeks attorney's fees, costs, and expenses under 28 U.S.C. § 1447(c), which provides that "orders remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorney's fees and costs under this provision only when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants reasonably could have believed this lawsuit involved federal questions arising under patent law because MCR attached multiple patents to the Original Petition and contended Defendants' use of MCR's "intellectual property" was "unauthorized." (*See* Original Petition, ECF No. 1-1, at ¶ 57). In light of these facts, it was not unreasonable for Defendants to argue that this case presented a substantial federal question giving rise to federal jurisdiction. The Court therefore denies MCR's request for attorney's fees, costs, and expenses.

## IV. CONCLUSION

Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**. Because the Court finds that federal subject matter jurisdiction is lacking, this case is **REMANDED** to the 95th Judicial District Court of Dallas County, Texas. The Court **DENIES** MCR's request for attorney's fees, costs, and expenses, because Defendants' arguments in support of removal were not objectively unreasonable.

**SO ORDERED**.

February 16, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE